Johnson, J.
“The suggestion, which is supported by affidavits, raises a strong presumption, that the relator was not amenable to a tribunal constituted by a magistrate and freeholders, for the trial of slaves and other persons of colour: and the question now made is, whether the circuit judge did not err in rejecting the application for a prohibition, before the court proceeded to judgment? There is no doubt that granting or denying the writ of prohibition is in a great degree discretionary; (5 Bacon’s Air. Title Prohibition. B,) and if the order made in this case had been placed on that footing, this court would have required a strong case before they would have interposed; but it is founded on the opinion that the court ofjustices and freeholders was the proper tribunal to determine the question of jurisdiction. That it is the province or rather the duty of the superior courts of law to confine all subordinate jurisdictions to their proper bounds, and that the question of jurisdiction belongs exclusively to them, is a proposition too clear to be controverted; and the history of this case, apart from authority, proves to demonstration that this power would be nugatory if they could not interfere until judgment; for it is said that the cqurt on the* *178 refusal to grant the prohibition proceeded to judgment and execution, by inflicting corporal punishment on the relator. There is as little doubt, however, on the score of authority. Generally a prohibition may be awarded as well before as after sentence; but there are some cases in which the converse, of the proposition is true, as in cases where the court had jurisdiction of the matter but was restrained by some statute, then if the party by pleading admit the jurisdiction, a prohibition would not be granted; ( Paeon’s Abr. Title Prohibition Jrl.) And if the court had not jurisdiction of the matter, any step is an usurpation; and although it is possible they may decide correctly, with respect to that question they may err; and in courts organized like this, and from which there is no direct appeal, the remedy comes too late after the sentence is carried into execution. The only objection opposed to the application for the prohibition is the inconvenience that, would result from a precedent which would make the superi- or courts of law the first resort in all cases of this kind, and thus indirectly deprive the subordinate courts of their legitimate powers.But this objection is well answered by the counsel for the motion. A security against its abuse is found in the integrity of the bar, and, surely in. the discretion of the superior tribunals. And even admitting, that evils may possibly grow out of it, they are outweighed by the probability, that ifindulged in the uncontrolled exercise of its power, nó citizen, whatever his rank or station in life, would be safe in life or liberty. It certainly never was designed to confide to this tribunal, matters of such moment. The sentence of the court, having been carried into execution, any order which this court could make would be nugatory, and the. court have only used this occasion to express its opinion on a question, the practice in relation to which seems not to have been settled. And it may be further remarked that the act of the legislature of 1818, gives to a party the right to appeal from an order made at chambers or on circuit on an application for a. prohibition, and it may be worthy of enquiry *179 whether the subordinate court could proceed after notice of appeal. In a few cases, however, within my own experience,, upon notice of an intention to appeal, prohibitions have been issued to restrain proceedings until the determination of the appeal, and this would probably be the best course, as least subject to vexatious delays.
Dawson for the motion,
I 23. Holmes, contra.